# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:95-CR-5-16-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) vs. ) ) DARIUS LAMONT WALKER, ) ) Defendant. ) ) | MEMORANDUM OF DECISION |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement of 151 months as to Count One for the reasons set forth in the Supplement to the Presentence Report, not including two 60-month consecutive sentences imposed in a related case (3:95-CR-162-1).

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The full record before the Court reflects a defendant with a lengthy involvement in an

extraordinarily violent drug conspiracy, and who returned to a life of violence and drugs immediately after he was arrested and pled guilty to the instant charges but before his sentencing. This type of conduct must be adequately punished. Aside from a few minor disciplinary infractions while incarcerated, however, the Defendant has demonstrated rehabilitative potential, including successful completion of the Drug Education Program, earning his GED, and enrollment in a number of vocational classes, as reflected in the Supplement to the Presentence Report and in the Defendant's personal letter to this Court.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds:

    a. That the defendant should receive some benefit from the retroactive application of Amendment 706, but that a reduction to 151 months is inappropriate; and

    b. That a sentence of **170 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a further reduction would frustrate those objectives;[1] and

    c. That this sentence is within the amended guideline range applicable to this Defendant by operation of Amendment 706.

An appropriate Order shall issue separately.

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).

Signed: March 3, 2009

Frank D. Whitney
United States District Judge